IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01340-LTB

TONY EDWARD POWELL,

    Applicant,

v.

MOOREHEAD, Warden,

    Respondent.

## SECOND ORDER DENYING RECONSIDERATION

Applicant, Tony Edward Powell, is in the custody of the Bureau of Prisons, currently incarcerated at the United States Penitentiary Florence High. On September 21, 2017, Applicant filed a "Petition for More Definite Statement, And Or Clarity," (ECF No. 14), in "hopes of tribunal redress of the court's final decision," regarding the Court order, dated September 6, 2017, denying his motion for reconsideration filed August 18, 2017, (*see id.* at 1).

The Court must liberally construe Applicant's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The "Petition for More Definite Statement, And Or Clarity," will be liberally construed as a motion for reconsideration and will be denied.

On July 26, 2017, the Court denied Applicant's § 2241 Habeas Application and dismissed the action because Mr. Powell has an adequate and effective remedy

1

pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of Texas. (*See* ECF No. 10). Judgment entered the same day. (ECF No. 11). The reasons for the dismissal are explained in detail in the July 26, 2017, Order of Dismissal. (ECF No. 10).

On August 18, 2017, Applicant submitted *pro se* a "Petition for Order and Directives Granting Leave Reconsidering the Court's Order and Judgement [sic] On [sic] the Alternative, Petition to Show Cause," seeking reconsideration of the Court's order of dismissal. (ECF No. 12). The Court denied Applicant's Motion for Reconsideration on September 6, 2017. (ECF No. 13).

An order denying a motion to reconsider, such as the order this Court entered on September 6, 2017, is not a new opportunity for a litigant to file yet another motion to reconsider. The instant motion to reconsider filed on September 21, 2017, will be denied for the following reasons, as well as the reasons articulated in the September 6 order.

A litigant subject to an adverse judgment, who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered filed pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it

2

is filed within the limit set forth under Rule 59(e)).  In this case, Applicant's Motion was filed on September 21, 2017, fifty-seven days after a Final Judgment was entered dismissing this action on July 26, 2017.  Therefore, the motion will be considered filed pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243.

Rule 60(b) allows a court to grant relief from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged . . . ; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).  Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990); *see also Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994) (relief under Rule 60(b) is appropriate only in extraordinary circumstances).

3

Upon consideration of the Motion and the entire record, Applicant fails to demonstrate any reason why the Court should reconsider and vacate the Order of Dismissal. As explained in the Order of Dismissal, § 2255(a) by its terms applies to challenges to a federal conviction and sentence:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"The purpose of section 2255 is to provide a method of determining the *validity of a judgment* by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam) (emphasis added). It is well-settled that "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Id.* For the reasons set forth in the Order of Dismissal, and the Court's September 6, 2017 Order denying Applicant's previous motion for reconsideration, Applicant fails to demonstrate that § 2255 is inadequate or ineffective.

Additionally, the Court notes that Applicant attempts to argue that he is not challenging his sentence of conviction in the Western District Court of Texas, but instead challenging a state court decision, which was used by the Western District Court of Texas in determining his sentence. Despite Applicant's attempts to re-characterize

4

his habeas application, his filings indicate he is seeking release from his current sentence and conviction, which was imposed by the Western District Court of Texas. If Mr. Powell is challenging the legality of a state conviction, he must submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in the district where he was convicted and sentenced. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) ("If construed as a § 2254 petition, the action should have been filed in the district in which [applicant] was convicted and sentenced . . ."). The relief Mr. Powell seeks from this Court would affect the sentence imposed by the Western District Court of Texas. Thus, he is not challenging the "execution" of his sentence, which is proper under § 2241, but rather the "validity" of his sentence, which must be pursued through §2255 unless it is inadequate or ineffective. For these same reasons, Mr. Powell's "Petition for Judicial Notice," where "he presented documents in support of recent decisions rendered by the State Court in relation with a 1107 habeas corpus proceeding, and a Federal habeas corpus proceeding under 28 U.S.C. §2254," (see ECF NO. 14 at 3), have no effect on the Court's decision that Mr. Powell is challenging the sentence imposed by the Western District Court of Texas.

Finally, Applicant argues that "Judge Babcock intervened" without allowing Mr. Powell to object to the "Magistrate's Order and Recommendations," as required by 28 U.S.C. §636 and Fed. R. Civ. P. 72. (*See* ECF No. 14 at 2). However, Magistrate Judge Gallagher only issued orders on nondispositive matters in this case. According to Fed. R. Civ. P. 72, "a party may serve and file objections to the order within 14 days after being served with a copy" of a pretrial order on nondispositive matters. Applicant

made no timely objections to any of Magistrate Judge Gallagher's pretrial orders on nondispositive motions.

Additionally, Applicant appears to argue that Judge Babcock erroneously dismissed the action before he could file an Amended Application. However, Magistrate Judge Gallagher's July 11, 2017 Minute Order, which allowed Mr. Powell to file an amended habeas application, specifically stated: "Applicant is reminded that he still must comply with the Court's June 27, 2017 Order to Show Cause. If he fails to show cause within the time allowed as directed in the June 27, 2017 Order, the Application will be denied and any further filings (including an Amended Application) will be denied as moot." (ECF No. 7). Judge Babcock entered an order of dismissal after considering Mr. Powell's response to the Order to Show Cause. (*See* ECF No. 10). Mr. Powell failed to show cause why the action should not be dismissed; therefore, just as Magistrate Judge Gallagher warned Mr. Powell in the July 11, 2017 Minute Order, any subsequent filings, including an Amended Application, would be dismissed as moot.

In conclusion, Applicant's "Petition for More Definite Statement, And Or Clarity," which is construed liberally as a motion to reconsider pursuant to Rule 60(b) will be denied. Further, the Court will not entertain any more motions to reconsider in this case.

Accordingly, it is

ORDERED that Plaintiff's "Petition for More Definite Statement, And Or Clarity" (ECF No. 14), which is construed liberally as a motion to reconsider pursuant to Fed. R. Civ. P. 60(b) is DENIED.

DATED at Denver, Colorado, this  5th  day of   October  , 2017.

BY THE COURT:

　s/Lewis T. Babcock　
LEWIS T. BABCOCK, Senior Judge
United States District Court